UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CR-2 |
| | ) | |
| vs. | ) | |
| | ) | |
| DEVON MILES GUINN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

Defendant, Devon Miles Guinn, has filed a Motion to Suppress [Doc. 15]. The United States filed a Response in Opposition [Doc. 22]. This matter is before the Court pursuant to 28 U.S.C. 636(b) and the standing orders of the District Court for a Report and Recommendation.

On Thursday, June 6, 2019, the Court conducted an evidentiary hearing on Defendant's motion. Present at the hearing were Defendant, his counsel, James T. Bowman, Esq. and Helen Nicole Himebaugh, Esq., and Assistant United States Attorney Robert Reeves, Esq. and AUSA intern K.C. Kettler. Testifying at the hearing were Officers John Bulla, Matthew Gryder, and Brian Williams. This matter is now ripe for resolution. For the reasons stated herein, the undersigned RECOMMENDS the Motion to Suppress [Doc. 15] be DENIED.

**I.     PROCEDURAL BACKGROUND**

On January 8, 2019, a federal grand jury returned an indictment against Defendant charging him with conspiracy to distribute 50 grams or more of methamphetamine under 21 U.S.C. §§ 846 and 841(b)(1)(A), being a felon in possession of a weapon under 18 U.S.C. § 922 (g)(1), and possessing a firearm in furtherance of a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A) [Doc. 3]. On March 29, 2019, Defendant filed a Motion to Suppress [Doc. 15], seeking to suppress

1

an incriminating statement he made to law enforcement officers after his arrest. He claimed that because officers lacked probable cause to arrest him, his subsequent confession should be suppressed as having been obtained in violation of the Fourth Amendment. The United States has made a number of arguments in response [Doc. 22]. First, it argues that officers had probable cause to arrest Defendant for possessing drug paraphernalia and methamphetamine. Second, it argues that even if probable cause were lacking, officers had a reasonable suspicion to detain Defendant and that the detention lasted no longer than necessary. Third, the United States argues that if the Court were to find that both the arrest and detention violated the Fourth Amendment, Defendant's statements should still be admitted because Defendant's statements were "'sufficiently an act of free will to purge the primary taint.'" *Brown v. Illinois*, 422. U.S. 590 (1975) (citing *Wong Sun v. United States*, 371 U.S. 471, 486, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)).

## II. FINDINGS OF FACT

At approximately 8:21 a.m. on November 1, 2018, officers from various police departments and federal agencies arrived at 306 ½ East D Street, Apartment #2, Elizabethton, Tennessee to arrest Casey Howren on a federal warrant. After initially knocking on the glass door, which was covered with blinds on the inside, Officers Bulla and Gryder heard movement within the apartment. Upon knocking on the door again, the blinds fell off the door, permitting Officer Bulla to see directly into the apartment. He immediately observed an individual, later identified as Michael Arnold, laying on the couch beside a coffee table with a large pink bong and a glass pipe used for ingesting narcotics.

Officer Bulla asked Arnold to open the door, which he did. Officer Bulla entered the apartment and observed on the coffee table additional glass pipes and white residue that appeared

2

Case 2:19-cr-00002-JRG-CRW    Document 25    Filed 06/11/19    Page 2 of 6    PageID #: 67

to be methamphetamine. At this time, Howren and Defendant exited the bedroom and entered the living room where the officers were present. Officers arrested Howren on the warrant.

Officers then performed a protective sweep to determine if anyone else was in the apartment. During that sweep, officers discovered what appeared to be more methamphetamine in a plastic bag that had been placed in a shoe in the living room and, in the bedroom where Howren and Defendant had just exited, four glass pipes and a syringe laying out on the bedside table. All of these items were in plain view. Officers arrested both Arnold and Defendant for possession of methamphetamine and drug paraphernalia and transported them to the Carter County Jail.

Around 9:30 a.m., after Howren refused to give consent to search the apartment, officers sought and obtained a state search warrant. During the search, officers found additional methamphetamine, multicolored pills, and a handgun. At approximately 1:16 p.m., officers met with Defendant at the jail where he waived his *Miranda* rights and gave an incriminating statement regarding his possession of methamphetamine and the firearm.

### III. ANALYSIS

The first issue the Court addresses is the propriety of the officers entering the residence of Ms. Casey Howren. The Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. Searches and seizures inside a home without a warrant are presumptively unreasonable under the Fourth Amendment. *El Bey v. Roop*, 530 F.3d 407, 415 (6th Cir. 2008). However, "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U.S. 573, 603 (1980). An arrest warrant is sufficient to enter a residence if the officers, by looking at common

sense factors and evaluating the totality of the circumstances, establish a reasonable belief that the subject of the arrest warrant is within the residence at the time. *United States v. Pruitt*, 458 F.3d 477, 482 (6th Cir. 2006). In this case, officers went to the residence of the very individual they sought to arrest, Ms. Casey Howren. Their entry in the residence was proper, and Defendant does not challenge that.

After the officers properly entered the residence, they immediately discovered drug paraphernalia and identified what appeared to be methamphetamine on the coffee table right in front of Arnold. Soon after they entered and made that discovery, Howren and Defendant come out of the bedroom and enter the living room where the officers are. During the protective sweep, officers discovered more drug paraphernalia in the bedroom where Defendant had just exited. It was only after this discovery that officers arrested Defendant.

Defendant argues officers lacked probable cause to arrest him. To be sure, officers arrested Defendant without a warrant. However, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id*. (citing *Maryland v. Pringle*, 540 U.S. 366, 371 (2003). Courts "look to the totality of the circumstances and decide whether the historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *United States v. Brooks*, 270 F. App'x 382, 384 (6th Cir. 2008) (citing *Pringle*, 540 U.S. at 370) (internal quotation marks omitted). As such, "probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Master*, 591 F. App'x 452, 453 (6th Cir. 2015) (quoting *Illinois v. Gates*, 462 U.S. 213, 243 n. 13 (1983).

4

Defendant argues that as officers observed Arnold on the couch, within arms reach of the drug paraphernalia on the coffee table in the living room, then the officers could have assumed that Arnold was in possession of those items, but not Defendant. Because Defendant was not found directly near or in possession of any that contraband; officers lacked probable cause that he was in possession of drugs or drug paraphernalia. However, in consideration of *Illinois v. Gates*, the officers did not need to witness Defendant possessing the incriminating items; there only needed to be a "probability or substantial chance" that he did. 462 U.S. 213, 243 n. 13 (1983). So even if officers lacked probable cause that Defendant possessed the drug paraphernalia on the coffee table, they certainly had probable cause to believe he possessed the drug paraphernalia in the bedroom from which he had just exited.

Officers need not witness a defendant actually possess paraphernalia or narcotics to charge him with a criminal offense. In *Maryland v. Pringle*, during a stop and subsequent search of a vehicle, the officer found five baggies of cocaine and $763 cash in the car. 540 U.S. at 368. All three occupants of the car denied ownership of the drugs. *Id*. As a result, the officer arrested all three for possession of cocaine. *Id*. The officer did not witness any of the defendants actually possess those items. After his arrest, Pringle confessed to possessing the cocaine. After he was indicted, Pringle challenged the legality of his arrest, arguing that officers lacked probable cause to arrest him for possessing the cocaine. His argument, just like Defendant is making here, was that because his arrest was not supported by probable cause, his subsequent confession was obtained in violation of the Fourth Amendment. He was unsuccessful. The Supreme Court found "it an entirely reasonable inference from these facts that any or all three of the occupants had knowledge of, and exercised dominion and control over the cocaine. Thus, a reasonable officer

5

could conclude that there was probable cause to believe Pringle committed the crime of possession of cocaine, either solely or jointly." *Id*. at 372.

Here, similarly, no one claimed ownership of the drug paraphernalia found in the apartment, either in the living room or the bedroom, and all these items were in plain view in both rooms. Just as in *Pringle,* a reasonable officer could conclude that there was probable cause to believe Defendant committed the crime of possession of methamphetamine and drug paraphernalia given the location of the items and their proximity to Defendant. As such, the Court finds that under the totality of the circumstances, officers had probable cause to arrest Defendant. Accordingly, the incriminating statement Defendant gave at the jail was not obtained in violation of the Fourth Amendment and should not be suppressed.

As the Court finds that there was probable cause to arrest Defendant, the Court will not address the other arguments raised by the United States.

## IV. CONCLUSION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant's Motion to Suppress [Doc. 15] be **DENIED**.[1]

Respectfully Submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed by **June 25, 2019**. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).